IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ENRIQUEZ,

        Plaintiff,

v.                                                    No. 1:19-cv-00015-SCY-KBM

JUSTIN BUCHANAN;
STATE FARM INSURANCE COMPANY,

        Defendants.

## PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM IN SUPPORT OFMOTION TO REMAND

COMES NOW the Plaintiff, pursuant to 28 U.S.C Section 1447(c), and moves the Court to remand this case back to the Second Judicial District Court of the State of New Mexico. The amount in controversy is substantially under $75,000. Plaintiff hereby files her memorandum in support of her motion to remand as follows:

An action is removable if the federal district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the obligation of the removing party to establish the subject matter jurisdiction of the federal court. *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (10th Cir. 1999). Statutes conferring jurisdiction upon federal courts, and particularly removal statutes, are to be narrowly construed in light of the constitutional role as limited tribunals. *Pritchell v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). There exists a presumption against removal. "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1339 (10th Cir. 1998). The presumption is against removal jurisdiction and courts must refrain from exercising jurisdiction in cases where such jurisdiction does not affirmatively appear on the record. *See Ins. Corp. of Ireland,Ltd. v. Compagnie des Bauxites de*

*Guinee,* 456 U.S. 694, 702 (1982). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982).

This matter must be remanded to the state court from which it was removed. In addition to complete diversity of citizenship of the parties, the amount in controversy must exceed $75,000 in order for a federal district court to exercise jurisdiction. See 28 U.S.C. § 1332(a). ). The "amount in controversy" has been defined by the Tenth Circuit Court of Appeals as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

Subject-matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. The amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir., 1995). When neither document suffices, the Court may look to other relevant materials in the record at the time of removal. See *id.* In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001). The same is not true when the case has been removed from state court. *Id.* In that situation, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving the amount in controversy by a preponderance of the evidence. *Id.* at 1289-90. Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the

2

removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met. *See Laughlin*, 50 F.3d at 873.

When determining the amount in controversy, the Court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. *Hanna v. Miller,* 163 F.Supp.2d 1302, 1305 (D.N.M. 2001). The Court may look to (1) the substance and nature of the injuries and damages described in the pleadings; (2) attorney affidavits filed prior to or in connection with the removal notice; and (3) a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or the plaintiff's refusal to admit that he or she is not seeking damages in excess of the statutory minimum. *Id.* at 1305.

Post-removal evidence can assist the Court to clarify what the amount was in controversy when the case was removed, and avoid the 'serious abuse' with which the Tenth Circuit has been concerned. *See Aranda v. Foamex Int'l,* No. 12cv405 JB/ACT, 2012 WL 2923183 (D.N.M. July 11, 2012). Filed herewith is the affidavit of Sara Coleman, legal secretary at Narciso Garcia Jr. LLC, the law office representing Plaintiff. The affidavit establishes that on October 24, 2018, Plaintiff offered to settle his uninsured motorist claim for the amount of $25,000.00 in available policy limits; that on November 9, 2018, the adjuster rejected the $25,000.00 offer and counter-offered at $10,000.00, $539 more than the amount of medical bills. These communications establish the value of the case as under $75,000.

Wherefore, for all of the foregoing reasons, Plaintiff respectfully requests the Court remand this case back to the Second Judicial District Court of the State of New Mexico.

                                  GARCIA LAW OFFICES

                      By:  */s/ Narciso Garcia Jr., LLC*
                           NARCISO GARCIA, JR. LLC
                           Attorney for Plaintiff
                           2033 San Mateo Blvd., N.E.
                           Albuquerque, NM 87110
                           (505) 265-5010

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically served on opposing counsel of record on this 22nd day of January, 2019.

*/s/ Narciso Garcia Jr., LLC*
NARCISO GARCIA, JR. LLC

## AFFIDAVIT

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

1. My name is Sara Coleman. All statements made in this affidavit are based on my personal knowledge.

2. I work for Narciso Garcia Jr., LLC as a legal secretary and am familiar with correspondence and phone calls in Jose Enriquez' case.

3. Jose Enriquez was involved in a motor vehicle accident with an uninsured motorist on April 8, 2018.

4. Jose Enriquez had an insurance policy with Fred Loya Insurance Company which insured the vehicle he was driving at the time of the motor vehicle accident. The policy provided uninsured motorist coverage of $25,000.00 per person and $50,000.00 per accident.

5. Mr. Enriquez suffered injuries to his left shoulder, neck, and back pain. The total medical bills are $9,461.00. No lost wages are claimed.

6. Attached is a copy of a letter to Franciso Almarez, Fred Loya adjuster, dated October 24, 2018. Jose Enriquez offered to settle his uninsured motorist claim for the amount of $25,000.00 in available policy limits.

7. Also attached is a letter from Ms. Garza dated November 9, 2018. She rejected the $25,000.00 offer and counter-offered at $10,000.00.

*Sara Coleman*
SARA COLEMAN

SUBSCRIBED AND SWORN TO before me this 22nd day of January, 2019. Witness my hand and official seal.

_____
Notary Public

My Commission Expires:

6-28-19

OFFICIAL SEAL
KATHERINE GARCIA
Notary Public
State of New Mexico
My Commission Expires 6-28-19

**NARCISO GARCIA, JR., LLC**
ATTORNEY AT LAW
2033 SAN MATEO, BLVD., N.E.
ALBUQUERQUE, NM 87110
TELEPHONE: (505) 265-5010
FACSIMILE: (505) 265-1625

---

October 24, 2018

VIA FACSIMILE
915-629-4000

Francisco R. Almaraz
Loya Insurance Co.
P.O. Box 972450
El Paso, TX 79997

Re:   Claim Number:   382-699
      Insured:        Jose Enriquez
      Date of Loss:   4/8/2018
      Our Client:     Jose Enriquez

Dear Mr. Almaraz,

Enclosed are the medical records and bills. Dr. Kassicieh has referred Mr. Enriquez to an orthopedist because of the shoulder tendinopathy. At this point, please tender his policy limits of $25,000.00.

Sincerely,

*[signature]*

Narciso Garcia, Jr.
/sc

# LOYA INSURANCE COMPANY
CLAIMS

November 9, 2018

62 / 403627168
NARCISO GARCIA,JR.,LLC
2033 SAN MATEO BLVD N E
ALBUQUERQUE, NM 87110

RE: Claim Number : 382 - 699
    Policyholder  : JOSE ENRIQUEZ
    Date of Loss  : 4/8/2018
    Claimant      : JOSE ENRIQUEZ

Dear NARCISO GARCIA,JR.,LLC:

This letter serves to answer your settlement demand dated October 24, 2018.

After completing our evaluation of your client's uninsured/underinsured motorist claim, we hereby extend an offer of $10,000.00.

This offer is being made in exchange for a full release. Any liens or subrogation interests attached to this claim must be honored by either a Release of Lien or inclusion in the settlement once written verification has been submitted to us.

Please present this offer to your client and contact me to discuss the resolution of this claim.

Sincerely,
***ROSALINDA GARZA***
Claim Representative
Ph: 210-647-9206
Fax: 915-629-4000
Office Hours: Mon - Fri 8:30 A.M. to 5:30 P.M. CST

***NEW MEXICO RESIDENTS:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

[X] HOME OFFICE
P.O. BOX 972450
EL PASO, TX 79997
TEL: (915) 590-5692
1-800-880-0472

P1.