# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

JOSE ENRIQUEZ,

    Plaintiff,

v.                                                Civ. No. 19-CV-15-MV-KBM

FRANCISCO R. ALMARAZ,
ROSALINDA GARZA, and
FRED LOYA INSURANCE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand. [Doc. 5]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On or about April 8, 2018, Plaintiff Jose Enriquez was involved in an automobile accident. On November 13, 2018, Plaintiff filed this action in state court for breach of contract, insurance bad faith, breach of covenant of good faith and fair dealing, and violations of the New Mexico Unfair Trade Practices Act ("UPA"). On October 24, 2018, Plaintiff offered to settle his claim for $25,000, and Defendants made a counteroffer of $10,000. *See* [Doc. 5, Aff. of Sara Coleman].

On January 8, 2019, Defendants Francisco R. Almaraz, Rosalinda Garza, and Fred Loya Insurance removed the case to federal court based on diversity jurisdiction. [Doc. 1]. On January 22, 2019, Plaintiff filed the instant motion to remand, arguing that diversity jurisdiction does not exist because the matter in controversy does not exceed $75,000. [Doc. 5].

1

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Id.*

Defendants removed this case to federal court based on diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). When analyzing a removal based on diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."). A matter may be remanded to state court if the federal court lacks subject matter jurisdiction (such as diversity jurisdiction). 28 U.S.C. § 1447(c). Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on the defendant seeking removal to prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

"[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *Id.* at 955 (emphasis in original). The Tenth Circuit has held that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "Moreover, there is a presumption against removal jurisdiction." *Id.* (citation omitted). There are a number of ways in which a defendant seeking removal can establish jurisdictional facts by a preponderance of the evidence:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006)).

## DISCUSSION

### I. The Court does not have Diversity Jurisdiction because the Matter in Controversy does not Exceed $75,000.

Defendants argue that this Court has federal diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. The Court will analyze whether the amount in controversy exceeds $75,000, and if the amount in controversy does not exceed $75,000, the Court will remand to state court. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)), *cert. denied*, 489 U.S. 1080 (1989)).

Defendants contend that the amount in controversy exceeds $75,000 because Plaintiff states in his complaint that his damages exceed $25,000 and brings a claim under the UPA, which provides a plaintiff the ability to recover treble damages. Defendants merely state that based on these claims "it is obvious Plaintiff is seeking an amount in excess of $75,000." Doc. 9 at 4. On the other hand, Plaintiff argues that the amount in controversy does not exceed $75,000 because he offered to settle the case for $25,000 and Defendants counteroffered for $10,000. Doc. 5 at 3.

The Court finds that Defendants have not shouldered the burden to prove by a preponderance of the evidence that the matter in controversy exceeds $75,000. The claim under the UPA and the potential for treble damages alone are not enough to meet the jurisdictional threshold. *See Cordova v. Jenkins*, No. CV 16-460 KG/KBM, 2018 WL 6519131, at *3 (D.N.M. Dec. 11, 2018) (finding that even with treble, punitive, and compensatory damages, jurisdictional amount was not met for $1,062.50 in allegedly fraudulent attorney's fees). Defendants have not demonstrated a monetary value supported by facts or evidence that would demonstrate that the amount in controversy exceeds $75,000. Specifically, Defendants do not point to any contentions, interrogatories or admissions in state court, calculation from the complaint's allegations, plaintiff's informal estimates or settlement demands, or evidence in the form of affidavits or otherwise to support their contention that the amount in controversy exceeds $75,000. *See McPhail*, 529 F.3d at 954.

The Court finds Plaintiff's settlement offer most compelling in determining the jurisdictional amount. A plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 954 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations

4

in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.* (relying on *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). It is undisputed that, prior to removal, Plaintiff herein offered to settle the matter for less than the jurisdictional amount.

Since the amount in controversy could not be ascertained based on the contents of the initial pleading, Defendants were required in their notice of removal to "show how much is in controversy through other means." *McPhail*, 529 F.3d at 955. Defendants failed to do so. Defendants do not provide any facts or evidence in the notice of removal or through other means that would demonstrate that Plaintiff's damages exceed $75,000. Therefore, the amount in controversy does not exceed the jurisdictional threshold and this Court does not have diversity jurisdiction.

**II.     The Court will not Award Attorney's Fees because Defendants had Reasonable Arguments Supported by Authority.**

Under 28 U.S.C. § 1447(c), the Tenth Circuit has limited district courts' discretion to impose costs and fees to those cases in which the removal was objectively unreasonable. *See Garret v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) ("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). "The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 17 F.3d 318, 322 (10th Cir. 1997).

Here, Defendants made reasonable arguments and cited authority that supported the conclusion that the case could be removed to federal court. *See Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1082 (D.N.M. 2011) (finding that the plaintiff was not entitled to costs and attorney's fees incurred as a result of the defendant's removal where the defendant made good-faith arguments with supporting authority). Therefore, attorney's fees are not warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Attorney's Fees request is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of this Court will take the necessary actions to **REMAND** the case to the Second Judicial District Court, County of Bernalillo, New Mexico.

DATED this 31st day of May, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE